Michael S. Adler
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
(212) 563-4100
madler@cwsny.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

UFCW LOCAL 50 PENSION FUND and ITS TRUSTEE,

                Plaintiffs,

vs.

GOLDEN D BRAND MEAT PRODUCTS LTD. d/b/a NEW YORK ONE LLC and JOE DOE COMPANIES 1-99,

                Defendants.

------------------------------------------------------------- x

Civil Action No.

## COMPLAINT

Plaintiffs, the UFCW Local 50 Pension Plan (the "Plan") by its Trustee (the "Trustee"), by and through their attorneys, Cohen, Weiss and Simon LLP, allege as follows:

## INTRODUCTION

1. This is an action by an employee benefit plan and its fiduciary against Golden D Brand Meat Products Ltd. d/b/a New York One LLC ("Golden D") and John Doe Companies 1-99 to collect withdrawal liability and statutory damages pursuant to Sections 502, 515, and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145, and 1451.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to Sections 502(a)(3), 502(e)(1), 502(f), 502(g), 515, and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), 1132(g), 1145, and 1451(a), (b), and (c), and 28 U.S.C. § 1331.

3. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), as the defendant has its principal place of business in this district.

## THE PARTIES

4. Plaintiffs are the Plan and the Trustee of the Plan. The Trustee is a "fiduciary" of the Plan as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Plan is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), that is subject to the withdrawal liability provisions of ERISA.

6. The Plan incurred a mass withdrawal of all of its contributing employers on or about November 25, 2008. The Plan is insolvent and receives funding from the Pension Benefit Guaranty Corporation.

7. I E Shaffer & Co. is the Third-Party Plan Administrator for the Plan, and the Plan is administered at the Third-Party Plan Administrator's place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

8. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustee is authorized to bring this action on behalf of the Plan, and its participants and beneficiaries.

9. New York One LLC, controlled by Thomas Makkos, has remitted payment to the Plan by and/or behalf of Golden D Brand Meat Products Ltd., controlled by Thomas Makkos, operating as if it were Golden D Brand Meat Products Ltd.

10. Upon information and belief, Golden D is and at all times relevant to this action been a New York based corporation with its principal place of business at 349 West 37th Street, New York, New York 10018.

11. Upon information and belief, Golden D was a party to a collective bargaining agreement pursuant to which Golden D was required to and did in fact make contributions to the Plan.

## GOLDEN D'S WITHDRAWAL FROM THE PLAN

12. Golden D permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Plan, thereby withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

13. In accordance with 29 C.F.R. § 4219.16(a), the Plan notified Golden D that the Trustees had determined that the Plan had experienced a mass withdrawal under ERISA on or about November 25, 2008.

14. The Plan notified Golden D that it had effected a complete withdrawal from the Plan and was therefore subject to the payment of withdrawal liability pursuant to ERISA § 4203(a), 29 U.S.C. 1383(a), and the terms of the Plan and the Trust Agreement (the "Demand Letter"). The Demand letter included Golden D's payment schedule of quarterly installments of $1,218.00. In accordance with ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), the payments were to commence no later than sixty (60) days after the date of the Demand Letter.

15. Because the Plan had experienced a mass withdrawal as of November 25, 2008, Golden D was subject to the payment of mass withdrawal liability to the Plan under

- 3 -

ERISA § 4219(c)(1)(d), and the Plan issued a notice and demand for Golden D's payment of reallocation liability, the final piece of the mass withdrawal liability owed by Golden D. The Plan calculated Golden D's reallocation liability to be $215,043, payable in quarterly installments of $1,218.00, which were to be infinite.

16. By various letters, the Plan notified Golden D that, *inter alia*, the Plan had not received a payment as required under its payment schedule.  As explained in this letters, if Golden D's failure to pay was not cured within sixty (60) days from the day of each letter, it would be deemed to be in default of its withdrawal liability pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399 (c)(5).  Once in default, the Plan would be entitled to require immediate payment of the outstanding amount of Golden D's reallocation withdrawal liability, plus accrued interest.

17. The most recent demand letter was sent on January 15, 2020.

18. Although Golden D did make some payments, it did not make all payments as required by the letters, including the payment required by the January 15, 2020 letter.

19. Golden D failed to cure its default within sixty (60) days and pursuant to ERISA § 4219(c)(5), Golden D was now in default and owes immediate payment of Golden D's outstanding withdrawal liability.

## THE CONTROLLED GROUP

20. Section 4001(b)(1) of ERISA provides that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1).

21.     In determining whether entities are considered to be under "common control," ERISA uses the definition of "controlled group" found in the Internal Revenue Code. 29 U.S.C. § 1301(b)(1).

22.     The regulations issued under the Internal Revenue Code define "members of a controlled group" as "two or more corporations connected through stock ownership...." 26 C.F.R. § 1.414(b)-(1).  These regulations describe three different types of controlled groups:  a "parent-subsidiary group," a "brother-sister group," or a "combined group."  26 U.S.C. § 1563(a); 26 C.F.R. § 1.414(c)-2.

23.     All three types of controlled groups require that the companies be connected through a "controlling interest."  *See* 26 U.S.C. § 1563(a)(1) and 26 C.F.R. §1.414(c)-2(b)(1) (parent-subsidiary group); 26 U.S.C. § 1563(a)(2) and 26 C.F.R. §1.414(c)-2(c)(1) (brother-sister group); 26 U.S.C. §1563(a)(2) and 26 C.F.R. §1.414(c)-2(d) (combined group).

24.     Specifically, upon information and belief various companies are owned and/or controlled in whole or in part by Thomas Mackoss, principal of Golden D, including, but not limited to, New York One LLC (which had been remitting payment to the Plan on behalf of Golden D), Makkos of Brooklyn Ltd., R.J.M. Co. Ltd., St. Demilo Designs Limited, John Anthony's on the Water, Inc., Makkos Equities LLC, Makkos & Sons Realty Corp., and/or 349 W. 37th St. Park Corp.

25.     To date, it is unclear whether some and/or all of these companies fall within

26.     Accordingly, Defendants John Doe Companies are a fictitious defendants representing any other trade or business under common control with Golden D.

## CAUSE OF ACTION

27. As a result of Golden D's complete withdrawal from the Plan, Golden D became liable to the Plan for withdrawal liability, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

28. By reason of its failure to make withdrawal liability payments, Golden D and John Doe Companies 1-99 are in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Plan is entitled to immediate payment of the total amount of the withdrawal liability remaining due, plus accrued interest, liquidated damages, and attorney's fees and costs pursuant to ERISA Sections 502(g)(2)(A), 502(g)(2)(B), 502(g)(2)(C), 502(g)(2)(D), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A), 1132(g)(2)(B), 1132(g)(2)(C), 1132(g)(2)(D), and 1451(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants as follows:

1. Declaring that Defendants were members of a single controlled group; and

2. Ordering Golden D to identify all members of its controlled group; and

3. Ordering the Defendants to pay the Plan:

    (a) any and all unpaid withdrawal liability due pursuant to ERISA Sections 502(g)(2)(A), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A), and 1451(b);

    (b) interest on the unpaid withdrawal liability pursuant to ERISA Sections 502(g)(2)(B), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), and 1451(b);

(c) an amount equal to the greater of (a) interest or (b) an amount not to exceed twenty percent of the withdrawal liability pursuant to ERISA Sections 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C), and 1451(b); and

(d) the reasonable attorney's fees and costs of this action pursuant to ERISA Sections 502(g)(2)(D) and 4301(b), 29 U.S.C. §§1132(g)(2)(D) and 1451(b); and

(e) Granting such other and further relief as the Court deems appropriate.

Dated: New York, New York
March 24, 2020

By  /s/ Michael S. Adler
Michael S. Adler
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
212-563-4100
madler@cwsny.com

Counsel for Plaintiffs